| | |
|---|---|
| 1 | JACK P. DICANIO (SBN 138782) |
| | jack.dicanio@skadden.com |
| 2 | ALLEN L. LANSTRA (SBN 251510) |
| | allen.lanstra@skadden.com |
| 3 | MATTHEW J. TAKO (SBN 307013) |
| | matthew.tako@skadden.com |
| 4 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
| | 525 University Avenue |
| 5 | Palo Alto, California 94301 |
| | Telephone: (650) 470-4500 |
| 6 | Facsimile: (650) 470-4570 |
| 7 | Attorneys for Defendant |
| | Christopher K. Kamon |

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| United States of America | | CASE NO.: 2:22-MJ-04385 |
| Plaintiff, | | |
| v. | | DECLARATION OF ▮▮▮ IN SUPPORT OF DEFENDANT CHRISTOPHER K. KAMON'S MEMORANDUM IN SUPPORT OF PRE-TRIAL RELEASE AND PROPOSED BOND CONDITIONS |
| Christopher K. Kamon, | | |
| Defendant. | | |
| | | Date: December 28, 2022 |
| | | Time: 9:00 A.M. |

REDACTED VERSION OF DOCUMENT

PROPOSED TO BE FILED UNDER SEAL

DECLARATION OF ▮▮▮

I, ▮▮▮▮▮▮▮ declare and state as follows:

1. I am the first cousin of Christopher Kamon ("Defendant" or "Chris"). I make this declaration in support of Chris's Memorandum in Support of Pre-Trial Release and Proposed Bond Conditions. I have personal knowledge of the facts set forth herein, and, if called to testify, I could and would do so competently as to the matters set forth herein.

2. Chris's father was my mother's youngest brother. I grew up with Chris and have remained close with him to this very day.

3. I am a Principal Engineer in the Managed Security Services group for ▮▮▮▮▮▮▮ where I have been employed for 22 years. In my current role, I deal with sensitive data for the U.S. government and hold a security clearance.

4. It is my understanding that Chris is compiling a bond proposal which includes real property being used to secure his bond.

5. I own two properties: one in ▮▮▮▮▮▮▮ and another in ▮▮▮▮▮▮▮.

6. It is my understanding that, should I post these properties for Chris's bond package, this action may negatively impact my security clearance and jeopardize my employment.

7. But for the potential negative impact that posting these properties may have on my security clearance and employment, I would not hesitate to post these properties for Chris's bond package.

8. The entire family knew about Chris's move to The Bahamas. Ever since Chris was a kid, he loved the ocean because he loved fishing. He even invited me to come visit him in The Bahamas earlier this year, but I was unable to travel due to health reasons.

9. Chris would talk to me about how tired he was of Los Angeles, an so moving to an island location made perfect sense to me. Our family believed that Chris wanted a fresh start away from the negativity he was experiencing in Los Angeles.

10. Recently, Chris gave my wife and I a tour of his home in The Bahamas via FaceTime. He often told us that he wanted the family to come for Thanksgiving or Christmas and be there with him. Chris even sent messages to me of pictures of fish he caught off of a dock near his new home so that I could show them to my daughter, who he taught to fish over the summer.

11. On multiple occasions, Chris told me that he was also happy to be closer to his sister ▉▉▉, who lives in Maryland. He was very excited to learn that there was a direct flight from The Bahamas to Baltimore so that he would not need to change planes or so ▉▉▉ would not have to travel far to pick him up, as he planned to visit her frequently in Maryland from his new home in The Bahamas.

12. I did not believe that Chris's location was a secret.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on December 22, 2022, in ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉.

2
DECLARATION OF ▉▉▉▉